IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOHN A. CASILLAS,

Petitioner,

v.                                                          CIVIL 97-1645(CCC)
                                                            (CRIMINAL 90-0314(CCC))
UNITED STATES OF AMERICA,

Respondent
_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on "Motion to Reopen, Alter or Amend Order of July 27, 1999," (Docket No. 26), "United States' Request for Dismissal of Petitioner's 28 U.S.C. § 2255 Motion," (Docket No. 31), and "Petitioner's Motion to Amend/Supplement Motion to Vacate Under 28 U.S.C.A. § 2255 in Light of Supreme Court's Recent Decisions in Apprendi v. New Jersey and Jones v. United States." (Docket No. 47.) Petitioner now challenges the jurisdiction of the court to be tried and sentenced on a defective indictment which failed to specify a particular amount of cocaine. Petitioner also challenges the jurisdiction of the court to sentence him on an amount of drugs not submitted or proven to a jury, relying on the case of Apprendi v. New Jersey, 530 U.S. 466 (2000). The matter was referred to me on August 30, 2001. (Docket No. 53.)

### FACTUAL AND PROCEDURAL BACKGROUND

On September 12, 1990, a grand jury returned a three-count indictment against petitioner and his co-defendants charging him with drug-related offenses. On July 27, 1991, after a twelve-day trial, a jury found petitioner guilty of the offenses with which he was charged. On November 15, 1991, petitioner was sentenced to 292 months as to count one and forty-eight months with respect to count three of the indictment. See Criminal Case No. 90-0314 (CCC), Docket Nos. 156 and 157. Additionally, petitioner was given

CIVIL 97-1645 (CCC)                                2
(CRIMINAL 90-0314 (CCC))

a supervised release of five years for count one and one year for count three. The terms were to be served concurrently. Petitioner appealed his conviction and sentence with the First Circuit Court of Appeals. See Criminal Case No. 90-0314 (CCC), Docket No. 160. On October 28, 1993, the appellate court affirmed petitioner's conviction and sentence in an unpublished opinion. United States v. Casillas, 8 F.3d 809 (1st Cir. 1993) (Table) 1993 WL 436841. On April 28, 1997, petitioner filed a section 2255 petition. I recommended that the same be denied on July 2, 1999. (Docket No. 23.) The court approved the then unopposed report and recommendation on July 27, 1999. (Docket No. 24.) Petitioner moved to reopen, alter or amend the court's order on August 6, 1999. (Docket No. 26.)

MOTION TO REOPEN, ALTER OR AMEND

Petitioner seeks to reopen the case to include his objection to my report and recommendation which he received on July 12, 1999. He delivered his objection to prison officials for filing with the court on July 23, 1999. He received a copy of the court's judgment on July 30, 1999. Petitioner argues that the objection was timely because it was delivered to prison officials within ten days of the deadline for making such objections, in addition to the three days mailing penalty allowed by Federal Rule of Civil Procedure 6(e).

The United States replied to the motion on August 26, 1999 seeking dismissal of the petition in accordance with the judgment of July 27, 1999. The United States argues that objections had to be filed within 10 days pursuant to Rule 510.1 of the Local Rules and Federal Rule of Civil Procedure 72(b). The United States notes that the request for reconsideration was received and filed on August 6, 1999, well beyond the 14 day period claimed by petitioner. Consequently, since petitioner has arguably failed to show that he used the prison log system, he cannot rely on the special filing rule.

CIVIL 97-1645 (CCC)                              3
(CRIMINAL 90-0314 (CCC))

Per the court's request, certified copies of records of petitioner's mailing contained in the Inmate Accountable Mail Log during the months of July and August 1999 from FCI, Estill, South Carolina, have been submitted. (Docket No. 48, dated October 23, 2000.) One mailing was made on July 26, 1999, Article No. Z022954645, and the other was made on August 3, 1999, Article No. Z022952831, both to the United States District Court in Hato Rey. Petitioner also has submitted copies of the envelope that contained my report and recommendation sent to petitioner dated July 12, 1999. Last, petitioner submitted a copy of a receipt for certified mail dated July 26, 1999 and the envelope that allegedly contained the objection affixed with "return to sender: unclaimed," and the dates July 26, 1999 and August 16, 1999. (Docket No. 32, dated September 13, 1999.)

Petitioner provides sufficient evidence to show that he submitted the envelope containing the objection to prison officials on July 26, 1999. In Morales-Rivera v. United States, 184 F.3d 109 (1st Cir. 1999), the court held in a *per curiam* opinion that a "pro se prisoner's motion under 28 U.S.C. § 2255 ... is filed on the date that it is deposited in the prison's internal mail-system for forwarding to the district court, provided that the prisoner utilizes, if available, the prison's system for recording legal mail." Id. at 109; see also Houston v. Lack, 487 U.S. 266, 270 (1988). Petitioner has submitted a copy of the prison mail log, as well as copies of certified mail and the envelope in which the objection was sent, that shows he delivered the envelope to prison officials on or before July 26, 1999. His explanation that the envelope containing the objection was inexplicably returned is evidenced by a copy of said envelope stamped "return to sender: unclaimed" and covered with numerous dates, including July 26, 1999 and August 16, 1999. Moreover, petitioner also has presented credible evidence that he received the report and recommendation on July 12, 1999.

CIVIL 97-1645 (CCC)                    4
(CRIMINAL 90-0314 (CCC))

This reservoir of evidence suggests, therefore, that petitioner filed his objection within the requisite thirteen (13) day period pursuant to the prison mailbox rule and determined by Federal Rule of Civil Procedure 6, which excludes intermediate weekends and allows for a three (3) day mailing period. Accordingly, I recommend that petitioner's "Motion to Reopen, Alter or Amend" to include his objection of the report and recommendation of July 27, 999 be GRANTED.

## APPRENDI

Title 21 U.S.C. § 841(a)(1), makes it unlawful "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance ...." 21 U.S.C. § 841(a)(1). The penalties applicable for such violations are set forth in section 841(b). The statute provides for increased penalties based on considerations of drug type and quantity. See United States v. Brough, 243 F.3d 1078, 1079 (7th Cir.), cert. denied, 122 S. Ct. 203 (2001); United States v. Doggett, 230 F.3d 160, 164 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001); United States v. Berdecía, 143 F. Supp. 2d 190, 190 (D.P.R. 2001). Before Apprendi, and as interpreted by the circuit courts, it was Congress' intent that the prosecution establish to the jury beyond a reasonable doubt the elements outlined in section 841(a). The elements of the penalty provisions outlined in section 841(b), however, would be applied under the by less stringent preponderance standard by the sentencing judge. United States v. Brough, 243 F.3d at 1079; see also United States v. Jackson, 207 F.3d 910, 920 (7th Cir.) (describing Congress' intent to have type and quantity of drugs used as sentencing factors by the judge), certiorari granted in part, 531 U.S. 953 (2000), on remand to 236 F.3d 886 (7th Cir. 2001).

It was long settled that drug quantity is not an element of the offense, but rather a sentencing factor to be determined by the sentencing court by a preponderance of the

CIVIL 97-1645 (CCC)                                5
(CRIMINAL 90-0314 (CCC))

evidence. United States v. Eirby, 262 F.3d 31, 36 (1st Cir. 2001); United States v. Lindia, 82 F.3d 1154, 1161 n.6 (1st Cir. 1996); United States v. Mabry, 3 F.3d 244, 250 (8th Cir. 1993); United States v. Moreno, 899 F.2d 465, 472-73 (6th Cir. 1990). However, in Jones v. United States, 526 U.S. 227 (1999), the Supreme Court questioned the "constitutionality of enhancing penalties through judicial findings by a preponderance of the evidence." United States v. Angle, 230 F.3d 113, 121 (4th Cir. 2000); see Jones v. United States, 526 U.S. at 243 n.6. Nevertheless, circuit courts interpreted Jones v. United States "as a suggestion rather than an absolute rule. Thus, they continued to view drug quantity as a sentencing factor." United States v. Angle, 230 F.3d at 122; see also United States v. Thomas, 204 F.3d 381, 384 (2nd Cir. 2000); United States v. Williams, 194 F.3d 100, 107 (D.C. Cir. 1999); United States v. Jones, 194 F.3d 1178, 1186 (10th Cir. 1999).

Following the lead of district courts in the First Circuit and the noted absence of definition provided by the First Circuit Court of Appeals, this discussion of Apprendi will sidestep unavoidable "procedural niceties" that would begin a substantial and constitutional resolution of petitioner's 28 U.S.C. § 2255 motion. Caron v. United States, 183 F. Supp. 2d 149, 153 (D. Mass. 2001); see Robertson v. United States, 144 F. Supp. 2d 58, 70 (D.R.I. 2001); United States v. Arestigueta, No. Cr. 96-65-P-H, 2001 WL 929755 (D. Me. Aug. 14, 2001). Rather, it will examine if the petitioner raises a meritorious Apprendi issue for this court to resolve. I conclude that petitioner does not.

In Apprendi, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. at 490; see also United States v. Mojica-Báez, 229 F.3d 292, 306 (1st Cir. 2000), cert. denied, 532 U.S. 1065 (2001); Sustache-Rivera v. United States, 221 F.3d 8, 14-15 (1st

CIVIL 97-1645 (CCC)  6
(CRIMINAL 90-0314 (CCC))

Cir. 2000), cert. denied, 532 U.S. 924 (2001). Yet, the Apprendi Court made clear that judicial discretion can be exercised when imposing sentence within statutory limits prescribed by a legislature and facts found by a jury. Apprendi v. New Jersey, 530 U.S. at 481-82.

The required examination of the issue raised by petitioner focuses on one question– "does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" Apprendi v. New Jersey, 530 U.S. at 494. In response, no Apprendi violation occurs if the district court sentences the defendant within the prescribed statutory range "even though drug quantity, determined by the court under a preponderance-of-the-evidence standard, influences the length of the sentence imposed." U.S. v. Robinson, 241 F.3d 115, 119 (1st Cir.), cert. denied, 122 S. Ct. 130 (2001); United States v. Caba, 241 F.3d 98, 100-01 (1st Cir. 2001); United States v. Baltas, 236 F.3d 27, 41 (1st Cir.), cert. denied, 532 U.S. 1030 (2001).

The petitioner was convicted of conspiracy to possess with intent to distribute multi-kilo quantities of cocaine in violation of 21 U.S.C. § 846 and using a telephone in facilitating the conspiracy, in violation of 21 U.S.C. § 843(b). He was sentenced under 21 U.S.C. § 841(b)(1)(A) to 292 months as to count one and forty-eight months with respect to count three of the indictment. The terms were to be served concurrently.

Under 21 U.S.C. § 841(b)(1)(A), the statutory range is designated as "not [] less than 10 years or more than life." Petitioner's sentence is dependent on the violation being of "5 kilograms or more of ... cocaine." 21 U.S.C. §841(b)(1)(A)(ii)(II). The district court determined that petitioner had conspired with the intent to accomplish sale of 150 kilograms of cocaine. Moreover, the First Circuit Court of Appeals rejected petitioner's claim that "the amount of drugs ... should be either 50 kilograms or ... around 7 kilograms,"

CIVIL 97-1645 (CCC)                                    7
(CRIMINAL 90-0314 (CCC))

concluding that petitioner was "properly charged." United States v. Casillas, 1993 WL 436841, at *5. Even according to petitioner's claim legal validation (something the Court of Appeals did not do), this does not alter that even the amount petitioner claims is within the quantity prescribed by 21 U.S.C. § 841(b)(1)(A)(ii)(II). See United States v. Martínez-Medina, 279 F.3d 105, 121 (1st Cir. 2002). Regardless, the maximum sentence pursuant to the conspiracy conviction the district court judge could have sentenced the petitioner to was life in prison. In any event, there is no doubt that at least five kilos of cocaine were involved in the offense. The judge in his discretion chose 292 months. If one looks at the indictment with a more narrow scope, it yet charges the defendant with conspiracy to possess multi-kilo quantities of cocaine, triggering a default statutory maximum of 40 years as prescribed in 21 U.S.C. § 841(b)(1)(B)(ii)(II). Cf. United States v. Valdez Santana, 279 F.3d 143, 147 (1st Cir. 2002); United States v. Eirby, 262 F.3d at 37. To conclude then, "if the judge-made factual determination merely narrows the judges discretion within the range already authorized by the offense of conviction, then no Apprendi violation occurs." United States v. Baltas, 236 F.3d at 41; see also United States v. López-López, No. 00-2016, slip op. (1st Cir. Feb. 19, 2002); United States v. Robinson, 241 F.3d at 119. Furthermore, Apprendi does not apply retroactively to cases on collateral review. McCoy v. United States, 266 F.3d 1245, 1256 (11th Cir. 2001); Forbes v. United States, 262 F.3d 143, 145 (2nd Cir. 2001); United States v. Moss, 252 F.3d 993, 1000 (8th Cir. 2001); United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001); Negrón v. United States, 175 F. Supp. 2d 148, 151 (D.P.R. 2001). There is no Apprendi violation.

Petitioner's motion vaguely argues that he should have only been sentenced pursuant to his conviction for violating 21 U.S.C. § 843(b). The argument assumes that the indictment was fatally defective which it is not. This claim is wholly without merit and

CIVIL 97-1645 (CCC)                             8
(CRIMINAL 90-0314 (CCC))

raises no <u>Apprendi</u> issue. A jury of his peers convicted petitioner on two counts of the indictment, thus allowing the district court to sentence him as to both counts.

Petitioner also goes into an historical analysis of jurisdiction, stressing that the court should question its jurisdiction in this case. The argument is, in a practical sense, unsupported by controlling case law. Petitioner also attacks the case's lack of nexus with interstate commerce, citing a mass of cases, none of which charge a drug conspiracy, in another attempt to divest the court of jurisdiction over the offense.

Section 2255 provides for post-conviction relief when (1) the sentence was imposed in violation of the Constitution or laws of the United States, or (2) the court was without jurisdiction to impose such sentence, or (3) the sentence was in excess of the maximum authorized by law, and (4) the sentence is otherwise subject to collateral attack. See <u>Hill v. United States</u>, 368 U.S. 424, 426-27, <u>rehr'g denied</u>, 369 U.S. 808 (1962); <u>David v. United States</u>, 134 F.3d 470, 474 (1st Cir. 1998). None of those requirements are present in this amended petition.

In light of the above, I recommend that defendant's latest assay under section 2255 be DENIED.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986); <u>Davet v. Maccorone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992); <u>Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.</u>,

CIVIL 97-1645 (CCC)  9
(CRIMINAL 90-0314 (CCC))

840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 27th day of March, 2002.

JUSTO ARENAS
United States Magistrate Judge

s/cs:to ( 3 )
attys/pts
in ICMS

APR - 1 2002