IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO
SAN JUAN DIVISION

| | |
|---|---|
| JOHN A. CASILLAS<br>PETITIONER,<br><br>V.<br><br>UNITED STATES OF AMERICA<br>RESPONDENT.<br>_____/ | CIV. NO. 05 CV ____<br>CRIM NO. 90 CR 0314(CCC)<br>HONORABLE Carmen C. Cerezo<br><u>JURISDICTION</u><br>RULE 60(b)(6), 28 USC .<br>28 USC §1651 ALL WRITS ACT<br>28 USC §1331 FEDERAL QUESTION<br>ADMINISTRATIVE PROCEDURE ACT<br>5 USC §556(d)<br>5 USC §701-706<br>ARTICLE III |

BRIEF IN SUPPORT OF MOTION TO OPEN JUDGMENT

TO THE HONORABLE JUDGE CEREZO:

NOW COMES, the petitioner, John A. Casillas[LD NTC], pro-per, sui juris, citing Haines v. Kerner, 519 US 519,520-21(1972); United States v. Mosquera, 845 F.2d 1122,1124-26(1st Cir. 1988)(per curium) and hereby moves this LEGISLATIVE COURT to vacate a judgment[March 22, 2002, Docket Entry 59 and 60 in 97 CV 1646(CCC)] pursuant to Rule 60(b)(6) which "permits a district court to vacate a judgment whenever such actions is appropriate to accomplish justice", see e.g. Klapprott v. United States, 355 US 601(1949), and only when the district court finds that the case presents "extraordinary circumstances", Akerman v. United States, 340 US 193(1950), permitting the court to reopen judgment for "any reason justifying relief from the operation of the judgment" under the reasons provided in the Act[Rule 60(b)(6)]. Federal Rules of Civil Procedure 60(b) is still

1

available with respect to criminal convections under the "All writs Statute", 28 USCA §1651(a), see e.g., United States v. Morgan, 346 US 502(1954).

Petitioner submits that this Court has jurisdiction in this cause of action in accordance with catch-all provision which "is to be 'liberally construed when substantial justice will thus be served and the motion [filed under this provision] is to be granted where there are extraordinary circumstances ... or where the judgment may work an extreme and undue hardship,'" "[A] decision of the Supreme Court of the United States may provide the extraordinary circumstances for granting a Rule 60(b)(6) motion." See e.g., Wilson v. Fenton, 684 F.2d 249,251(3rd Cir. 1982); Wisep v. James, 790 F.2d 841(11th Cir. 1986)(same); Reinoso v. Artuz, 1999 WL 335365 at *2(same); and Parise v. United States, 2000 WL 16119999(D. Conn. 2000) Nos. 3:95 CR 00135(PCD), 3:00 CV 01 046(PCD). In United States v. Swift & Co., 286 U.S. 106,119, 52 S.Ct., 76 L.Ed. 999(1932), the Court held that "it was the inherent right of a court of equity to modify an injuction[judgment] in adoption to changed circumstances which rendered the injuction[judgment] an instrument of wrong."(Cited in Lubben v. Selective Service System Local BD. No. 7, 453 F.2d 645,651(1st. Cir. 1952)).

In the Case at bar, Petitioner contends that Rule 60(b)(6) provides the court with the proper authority[Jurisdiction & Remedy] for any harmful effect an official act may have cause to an individual, providing the proper remedy to eliminate the wrongful harm. The fundamental requirements of due process is the opportunity to be held "at a meaningful manner". Armstrong v. Manzo, 380 US 545,542,

2

380 US 545,542(1965); Grannis v. Ordean, 234 US 385,394(1914). "[D]ue process is flexible and calls for such procedural protection as the particular situation demands." Morrisey v. Brewer, 408 US 471,481(1972).

Implicit in the Rule is the principle that the motion for reconsideration is an opportunity for the district court to correct or review prior decisions when there has been a change in the law [exceptional circumstances]. This flexible fundamental foundation of due process, provide the responsibility and duty of the court in following the governing rule of law when there has been "a clear showing of grievious wrong evoked by new and unforeseen condition," Swift, Id. at 119, 52 S.Ct. at 404, and should lead the court to grant Rule 60(b)(6) motion for the reinstatement of previously dismissed habeas petition for further proceeding based on the recent Supreme Court ruling in Blakely, Booker/Fanfan relating back to the Apprendi argument priously presented to this court in his §2255 motion.

In the case at bar, the petitioner's contention is that the decision in Apprendi v. New Jersey, 530 US 460,490(2000); Blakely v. Washington, 542 US ___,___,(2004) as interpreted and applied by the Supreme Court in the United States v. Booker, 543 US ___,___,(2005), establishes that "[t]wo provisions of the Sentencing Reform Act of 1984(SRA)[18 USC §3553(b)(1) and 18 USC §3742(e)] that have the effect of making the Guidelines mandatory must be invalidated in order to allow the statute to operate in a manner consistent with congressional intent. Id. at Booker, at

*7(Breyer J., Opinion). If this contention is will taken then a defendant's conviction and punishment is not the maximum sentence a judge may impose after finding additional facts, but the maximum the judge may impose without an additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," ... and the judge exceeds his proper authority." Id., at Blakely, Ante, at *7(Scalia J., Opinion). There can be no room for doubt that such a crcumstance "inherently results in a complete miscarriage of justice" and present[s] exceptional circumstances that justify collateral relief under § 2255, Davis, supra at 417 US 346-47, reserved for "extraordinary circumstances" to open the judgement provided for by the Rule 60(b)(6) motion.

Furthermore, Petitioner avers that the ruling in United States Booker, 543 US ___,___,(2005), establishing the basic constitutional point that Blakely v. Washington, 542 US ___,___, 124 S.Ct. 2531, 159 L.Ed.2d. 403(2004) applied to the Federal Sentencing Guidelines. The implication of the two opinions in Booker/Fanfan is that Blakely and the underlying constitutional ruling in Apprendi v. New Jersey, 530 US 466,483,490(2000); Jones v. United States, 526 US 227(1999); Ring v. Arizona, 526 US 584 (2002), applies, limiting judges from going beyond the facts found by juries in deciding whether the enhance additional years of imprisonment based upon discretionary factors not found by a jury but rather by the government and/or sentencing judge. In short, the Supreme Court's Booker/Fanfan opinon, basically held

4

that Federal Sentencing Guidelines and decisions of sentencing based on facts determined by judges alone violated the Sixth Amendment's guarantee of a jury trial. Thus, the sentencing judge performance under Title 18 USC §3553(b)(1) as required to the instrument[Judgment & Commitment] in the respect that has been invalidated in Booker/Fanfan.[1] See Brewer J., Opinion. Thus, the Court may revisit the merits of its prior judgment when jurist of reason would find debatable whether the official was correct in its judgment when intervening change in law differently, so, commands.

    **WHEREFORE,** premises considered, petitioner asserts that he has shown sufficient evidence to prove that " extraordinary circumstances " exist for the Rule 60(b)(6) to be granted. It is so prayed.

    Respectfully submitted this 3 day of February 2005 in Jesup, GA.

JOHN A. CASILLAS
JOHN A. CASILLAS[DEBTOR]

/s/ John A Casillas
John A. Casillas[LD NTC PRO-PER]
Sui Juris - Insolvent
#06843-069    Unit B-2

---

[1] United States v. Fanfan, 2004 US DIST. LEXIS 18593(D. Conn. 2004.

**CERTIFICATE OF SERVICE AND FILING**

      On February 3, 2005, I have served this "PETITION FOR LEAVE TO FILE MOTION TO OPEN JUDGMENT" through the United States Postal Service by deposing said documents in the inmate legal mail box, with First Class mail to:

CLERK'S OFFICE, FRANCES RIOS DE MORAN, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO, ROOM 150 FED. BD., 150 AVE. CARLOS CHARDON, SAN JUAN, PUERTO RICO 00918-1767.

RESPONDENT(S), JOSE RUIZ SANTIAGO, A.U.S.C. TORRE CHARDON SUITE 1201, 350 CARLOS CHARDON AVE., SAN JUAN, PUERTO RICO 00918.

JOHN A. CASILLAS  
JOHN A. CASILLAS[DEBTOR]

/S/ John A. Casillas  
John A. Casillas[LD NTC PRO-PER]  
Sui Juris - Insolvent  
#06843-069    Unit B-2  
Federal Satellite Low  
2650 HWY 301 South  
Jesup, GA 31599-5601

6