IN   THE

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO
## SAN JUAN DIVISION

| | |
|---|---|
| **$97,955 IN US CURRENCY**<br>[JOHN A. CASILLAS]<br><br>Petitioner,<br><br><br>v.<br><br><br>**UNITED STATES OF AMERICA**<br><br>Respondent.<br>_____/ | Civil Action No. _____<br>Criminal No. 90 CR 0314(CC)<br>Hon. Carmen Cerezo<br>**JURISDICTION**<br>COMPLAINT<br>    FED.R.CRIM. P. 41(e)<br>    28 USC §1331 FEDERAL QUESTION<br>    28 USC §1651 WRITS<br>SUMMARY JUDGMENT<br>    FED.R.CIV.P. 56<br>JURY TRIAL<br>    SEVENTH AMENDMENT |

### INFORMATIVE MOTION IN SUPPORT OF SUMMARY JUDGMENT

**TO THE HONORABLE COURT.**

**COMES NOW,** John A. Casillas [LD NTC], sui juris, pro-per, in the above entitled cause and moves the Court pursuant to Rule 56(c) of the Federal Rules of Civil Procedure to enter its order granting petitioner's summary judgment against Respondent(s) on the ground that are no material facts in dispute between the parties and that as a matter of law the petitioner in entitled to the relief prayed in his Complaint. In support petitioner respectfully states as follow.

Petitioner invokes Haines v. Kerver, 404 US 519 (1972) for liberal consideration toward pro-per litigants.

Petitioner also invokes this district court's cases of Cuellar v. United States, case no. 01 CV 2317, filed on 10/1/01(D.P.R. 2001) Hon, Judge Juan M. Perez Gimenez and United States v. $41,840 US CURREN,

1

Filed 3/14/02, Case No. 02 CV 1379 (D.P.R. 2002) Judge Jay A. Garcia Gregory, in support for the return of the $97,955 paper money.

Petitioner asserts that the information the United States attorney cites in "relation to the sum of $97,955 that the defendant alleges is in possession of the Government that the Agent assure to Jose Ruiz Santiago that he[Agent] will provide information as to the money seized", in his request for an extension is taken as true, therefore there is no factual controversy in dispute in this case. Accordingly, I have **ACCEPTED** your **OFFER,** I have returned it, I have offered my **EXEMPTION** in exchange for the **DISCHARGE** of the **BONDS[MONEY].**    I request that you discharge the **BOND[MONEY] to me.**

Accordingly, summary judgment  is the appropriate remedy for the return of the $97,955 dollars to me.

Petitioner asserts that the $97,955 paper money illegaly taken from him may be return if petitioner comply with the plain language requirements for directing payment to petitioner found in 28 USC §2041 and 28 USC §2042 for the withdrawal of money that has been deposited in the Treasury in the name credited to the United States and the Person entitled to it has petition the court for the return of the money and has cause notice to the United States attorney and have shown full proof of the right to it. See Appendix B page 2 for that proof.

Petitioner asserts that pursuant to Rule 12(c) of the Federal Rules of Civil Procedures the Petitioner may move the Court for judgment on the pleading. Petitioner also contends that the review of this case should be by an Article III judge and does not give consent nor waives his right if the review is assigned to a Magistrate Judge by the Court. This Court has a duty owed to petitioner,   because  the

2

jurisdiction of federal courts is defined and limited, in the words
of Article III, to actual "Cases" and "Controversies", Witmore    v.
Arkansas,   495 U.S. 149, 154-55, 110 S.Ct. 1717,1772, 109 L.Ed.2d
135(1990); Flast v. Cohen, 392 U.S. 83, 84, 88 S.Ct. 1942, 1949,
20 L.Ed.2d 947 (1968), the Supreme Court has long recognized the
Federal Judicial Power exits only to redress an injury to the complain-
ing party.

Petitioner contends that pursuant to Federal Rules of Civil
Procedure 56(c) which provides that summary judgment is proper "if
the pleadings, depositions, answers to interrogatories, and admissions
on file, together with the affidavits, if any, show that there is no
genuine issue as to any material facts and that the moving party is
entitled to a judgment as a matter of law". Fed.R.Civ. 56(c). When
the moving party files a motion summary judgment, the non-moving party
cannot "rest upon the mere allegations or denials of his pleadings, but
... must set forth specific facts showing there is a genuine issue
for trial". Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 248(1990)
(quotation omitted).

Petitioner contends that under Rule 56, district court litigants
opposing summary judgment have a right to a trial whenever there exits
a "genuine issue as to any material fact". We may reasonably assume
that the information the United States attorney cites in "relation
to the sum $97,955 that the defendant alleges is in possession of the
Government that the Agent has assured to Jose Ruiz Santiago that   he
[the Agent] will Provide information as to the money seized", in his
request for extension of time is taken as true, sets forth specific

3

facts shown there is no genuine issue if fact for trial, there is no case of controversy, therefore summary judgment is appropriate under the circumstances. Agosto v. INS, 436 U.S. 748 at 756(1978)("a district court generally cannot grant summary judgment based on its assessment of the credibility to the evidence presented"); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 249(1986)("at the summary judgment stage the judge's function in not himself to weight the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial"); Courts have power to punish in a summary manner the disobedience of any party to any lawful writ, ... order ... or command to the court. Eilenbecker v. District Court, 134 U.S. 31, 10 S.Ct. 424, 33 L.Ed. 801(1890).

Petitioner contends that the Respondent(s) are in contempt of Court.

**WHEREFORE,** premises consider, petitioner asserts that he has shown sufficient evidence to prove that the summary judgment should be granted, in addition the Respondent(s) did not properly follow the Court's order to answer timely. It is so prayed.

Respectfully submitted this 18 day of November 2004 in Jesup, GA.

John A. Casillas [DEBTOR]
JOHN A. CASILLAS[DEBTOR]

/s/ John A. Casillas
John A. Casillas[LD NTC PRO-PER]
Sui Juris-INDIGENT
06843-069   Unit B-2

4

# CERTIFICATE OF SERVICE AND FILLING

On November *18*, 2004, I have served this INFORMATIVE MOTION FOR SUMMARY JUDGMENT through the United States Postal Service  by depositing said documents in the inmate legal mail box, with First-Class mail to:


CLERK'S OFFICE, FRANCES RIOS DE MORAN, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO, ROOM 150 FED. BLDG., 150 AVE. CARLOS CHARDON, SAN JUAN, PUERTO RICO 00918-1767.

RESPONDENT(S), JOSE RUIZ SANTIAGO, A.U.S.A., TORRE CHARDON SUITE 1201, 350 CARLOS CHARDON AVE., SAN JUAN, PUERTO RICO 00918.


Signed under penalty of perjury under 28 USC §1746 this day *18* of November 2004.


JOHN A. CASILLAS [DEBTOR]
JOHN A. CASILLAS[DEBTOR]

/s/ John A. Casillas
John A. Casillas[LD NTC PRO-PER]
Sui Juris-INDIGENT
#06843-069 Unit B-2
Federal Satellite Low
2650 HWY 301 South
Jesup, GA 31599-5601