# A F F I R M A T I O N

I do hereby declare and affirm that the facts in the following petition;

> ON PETITION FOR LEAVE TO FILE MOTION TO RECONSIDER
> JURISDICTIONAL ELEMENT FOR GRANTING THE  RELIEF
> THOUGHT.

are true with respect and under perspective of positive evidence is supported by disposition in the Supreme Court and First Circuit decisions including the district's court reopening of Petitioner's Criminal case 90 CR 0314(CCC), especially when the reopening of the case affected the finality of the judgment or suspended its operation. In support petitioner declares as follow:

1)  The First Circuit had  applied Apprendi in a First motion to vacate by ruling on the merits in request of Certificate of Appealability on denial of motion to vacate pursuant to 28 USC §2255 in Cuellar v. United States, Dt.Ct. No. 01-01452, App.Ct. No. 02-1169 (April 9, 2002). See Appendix A. See, e.g. Yates v Aiken, INFRA

2)  The Supreme Court granted Writ of Certiorary from a proceeding brought under 28 USC §2255, granted by the district court for leave to prosecute an out-of-time appeal, vacated the Eleventh Court of Appeals judgment and remanded for further consideration in light of Apprendi v. New Jersey, 530 US 466(2000) in Wims v. United States, __ US __, 121 S.Ct. 32, 148 L.Ed.2d 3(2000)(Mem.).

3)  The Supreme Court, in the following cases has granted retroactive effect to its rules involving the **Burden of Proof**. See e.g., Hankerson v. North Caroline, 422 US 233(1977); Ivan v. City of

1

New Jork, 407 US 203(1972)(per curium) where the Supreme Court
declared In re Winship must "be giving complete retroactive effect"
noting that the standard of proof beyond a reasonable doubt   was
intended to overcome an aspect of a criminal trial that substan-
tially impaired the truth-finding function". See e.g., 65 L.Ed.2d
1255, §8.

4)   Since the District Court sub-silencio has reopend Pe-
titioner's criminal case, 90 CR 0314(CCC), in this case in a judg-
ment on the return of property illegally seized by the government,
the judgment in the case was not final for purposes of Booker/Fanfan
therefore the rules in Booker/Fanfan applies to petitioner's claim
retroactively. See, e.g. YATES v. AIKEN, 484 US 211, (1988).

5)   Petitioner contends that this cause of action be decided
by an Article III judge only and in the event that it is asigned to
non article III judge he does not waive his right under Article III.

I have read the foregoing and state it is true and correct.

Signed under penalty of perjury
pursuant to 28 USC §1746   this
8 day of April 2005.

JOHN A. CASILLAS
JOHN A. CASILLAS[DEBTOR]

/s/ John A. Casillas

John A. Casillas[LD NTC Pro-per]
Sui Juris  Insolvent
Reg. No. 06843-069   Unit B-2
Federal Satellite Low
2650 HWY 301 South
Jesup, GA 31599-5601

2