IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHN A. CASILLAS<br>PETITIONER,<br><br>V.<br><br>UNITED STATES OF AMERICA<br>RESPONDENT.<br>_____/ | CIV. NO. 97-CV 1645(CCC)<br>CRIM. NO. 90-CR 0314(CCC)<br>HONORABLE Carmen C. Cerezo<br><br>JURISDICTION<br>RULE 60(b)(6), 28 USCA.<br>RULE 59(e), 28 USCA.<br>28 USC §1331, FEDERAL QUESTION<br>28 USC §1651, ALL WRITS ACT<br>RULE 201, FED.R.EVIC., JUDICIAL NOTICE<br>APA<br>5 USC §556(d)      ARTICLE III<br>5 USC §701-706 |

BRIEF IN SUPPORT OF MOTION
FOR RECONSIDERATION FOR JURIS
DICTIONAL ELEMENT UNDER
JUDICIAL NOTICE OF ADJUDICATIVE
FACT

TO THE HONORABLE JUDGE CEREZO:

   NOW COMES, the petitioner, John A Casillas [LD NTC], pro-per, sui juris, citing Haines v Kernes, 404 U.S. 519, 520, 521 (1972); United States v Mosquera, 845 F.2d 1122, 1124-26 (1st Cir 1988) (per curium) and hereby move this Legislative Court to reconsider the following jurisdictional issues herein presented in support for the relief thought in his motion to open judgment under Rule 60(b)(6), especially when the "Affirmation" under oath provides sufficient proof to support his claim- Cuellar v. United States, Dt. Ct. No. 01-01452(P.R.), Appt. Ct. No. 02-1169 (April 9, 2002) and Wims v. United States, ___US___, 121 S.Ct. 32, 148 L.Ed. 2d 3 (2000) (Mem.)(Applying Apprendi Retroactively) Hankerson v. North Carolina, 422 US 233 (1977) and Ivan v. City of New York, 407

1

US 203(1972) (per curium) (giving complete retroactive effect to the standard of proof beyond a reasonable doubt.).

Petitioner contends that reasonable jurists could debate whether (or not that matter agree that) the issues presented are "adequate to deserve encouragement to proceed further".

## Argument

United States v Booker, 543 U.S. ___, 160 LEd 2d 621, 125 S.Ct. 738 (2005) held sentencing under the Federal Sentencing Guidelines by judge-determined facts by preponderance violate the Sixth Amendment right to trial by jury. To remedy the problem it amended the Guidelines to discretionary instead of mandatory and adopted unreasonableness as the standard of appellate review. Is it retroactive? The answer is yes.

Retroactivity for non-final cases still on direct review is no problem, as the Booker Court so stated relying on Griffith v. Kentucky, 479 US 314, 328, 93 LEd 2d 649, 661, 107 S.Ct. 708(1987). Booker, BREYER, J., Slip Opinion, Pg. 25.

Nor is it a serious problem for initial habeas corpus petitions. Schriro v. Summerlin, 542 U.S. ___, 159 L.Ed 2d 442, 124 S.Ct. 2519(2004) provides compelling support for Booker's retroactivity to initial habeas cases. Although the Supreme Court in Summerlin rejected retroactivity of its new procedural rule announced in Ring v. Arizona, 536 US 584, 153 L.Ed. 2d 556, 122 S.Ct. 2428 (2002) (holding a jury, not a judge, must make the findings necessary to impose the death penalty, it did so because the possibility of inaccuracy was minimal in that both fact finders there were required to use the same beyond a reasonable doubt standard.

Pre-Booker, on the other hand, judges determined sentence - enhancement facts by preponderance of the evidence. Post-Booker, those facts must be both determined by a jury and proved beyond a reasonable doubt. Accordingly, pre-Booker the fact findings process so "' seriously diminishe[d]' accuracy as to produce an '"impermissibly large risk" of injustice'. Summerlin, 159 L.Ed 2d at 451. (Emphasis Original).

The Booker rule which remedied that risk is therefore very likely exempt from the Teague v. Lane, 489 U.S. 288, 103, L.Ed 2d 334, 109 S.Ct. 1060 (1989) retroactivity bar under the watershed rule of criminal procedure exception. See, e.g. In re Winship, 397 US 358, 25 L.Ed 2d 368, 90 S.Ct. 1068 (1970); cf Ring v. Arizona, 536 US 584, discussed in Summerlin.

Booker invalidated the Guidelines both on a Sixth Amendment jury trial violation as well as the Apprendi v. New Jersey, 530 US 466, 147 L.Ed 2d 435, 120 S.Ct. 2348 (2000) due process doctrine. Jointly those basis compel retroactivity. See, e.g. In re Winship, 397 US 358; Ring v. Arizona, 536 US 584; see, also United States v. Hernandez, 137 F. Supp. 2d 919, 931-32 (N.D. Ohio 2001) rev'd in United States v. Luciano, 311 F3d 146 (2nd Cir 2002); and United States v. Murphy, 109 F. Supp. 1059, 1064 (D. Minn. 2000) rev'd in Murphy v. United States, 268 F3d 599 (8th Cir. 2001). Therefore, Summerlin's reliance on DeStefano v. Woods, 392 US 631, 20 L.Ed 2d 1308, 88 S.Ct. 2093 (1968) (per curium) (refusing to give retroactive effect to Duncan v. Louisiana, 391 US 145, 20 L.Ed 2d 491, 88 S.Ct. 1444 (1968) (Applying Sixth Amendment jury trial to Booker's retroactivity. In DeStefano, like Summerlin, the fact finding standard on which retroactivity was claimed was the same, only the fact finder differed. Booker changed those standards exactly as did In re Winship, 397 U.S. at 363-64, 25 L.Ed 2d at 375 (requiring juvenile charges be proved

3

by proof beyond a reasonable doubt instead of preponderance, reasoning the reasonable doubt standard "is a prime instrument for reducing the risk of convictions resting on factual error. The standard provides concrete substance for the presumption of innocence - that bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law'"). Because the foundation of Booker's new rule of constitutional law rests on both the Apprendi due process doctrine and the In re Winship Sixth Amendment right to jury trial with respective beyond a reasonable doubt proof standards, retroactivity to initial habeas petitions should present no great problem.

Retroactivity for purposes of second or successive federal habeas corpus requires retroactivity be made by the Supreme Court. Tyler v. Cain, 533 U.S. 656, 150 L.Ed 2d 632, 121 S.Ct. 2478 (2001). According to Tyler v. Cain, the Supreme Court can make new rules retroactive (1) by declaration, (2) by application of the rule to a habeas case (id., 533 U.S. at 665, 150 L.Ed 2d at 645), or (3) through multiple holdings which "necessarily dictate retroactivity of the new rule []" (id., 533 US at 668-70, 150 L.Ed. 2d at 646-47 (O'CONNOR, J., concurring). Booker has arguably made its new rule retroactive in all three ways plus three more.

First, Booker specifically declared "both the Sixth Amendment holding and [its] remedial interpretation of Sentencing Act [retroactive] to all cases on direct review." BREYER, J., Slip Opinion at 25. Instead of limiting retroactivity only to cases on direct review, like Mr. Booker's and Mr. Fan fan's, by that statement the Supreme Court more likely made Booker retroactive to all cases.

4

This so because Booker's Sixth Amendment new rule simply "re-affirm [ed] [its] holding in Apprendi: [that] [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id., STEVENS, J., Slip Opinion at 20. That rule is but a magnification of its In Re Winship, 397 U.S. 358, 25 L.Ed. 2d 368 rule "that the Constitution protects except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" Booker, STEVENS, J., Slip Opinion at 5.

In Ivan v. City of New York, 407 U.S. 203, 205, 32 L.Ed. 2d 569, 661-62, 92 S.Ct. 1951 (1972) (per curium) the supreme Court declared In re Winship must "be given complete retroactive effect." Ivan v. was also a direct appeal case like Booker. However, the Supreme Court's declaration left no doubt its retroactivity to all cases, final or otherwise. Proof of it is in the several habease cases in which the Supreme Court subsequently applied variations of its In re Winship rule. See, e.g. Yates v. Evatt, 500 U.S. 391, 114 L.Ed. 2d 432, 111 S.Ct. 1184 (1991) (applying rule in Sandstrom v. Montana, 442 US 510, 61 L.Ed. 2d 39, 99 S.Ct. 2450 (1979) that jury instructions or malice or intent violated due process by relieving the states' burden of proving every element beyond reasonable doubt as required by In re Winship; Francis v. Franklin, 471 U.S. 307, 85 L.Ed. 2d 344, 105 S.Ct. 1965 (1985) (applying Sandstrom v. Montana, 442 US 510 in burden shifting instruction in violation of In re Winship rule to insufficiency of evidence standard of review in federal habeas corpus proceedings).

5

Second, by so applying the In re Winship - type rule to multiple habeas cases, the Supreme Court arguably also de facto applied its Booker constitutional rule through those past cases. If Booker and In re Winship are rules of the same type, application of one to habeas proceedings is application of the other thus making both retroactive under Tyler v. Cain's application retroactivity method. Id., 533 US at 665, 150 L.Ed. 2d at 645. But, cf. In re Turner, 267 F3d 225 (3rd Cir. 2001) (rejecting same argument as to Apprendi but noting Apprendi would applied as substantive law on first habeas motion).

Third, it is similarly possible the Supreme Court has made its Booker constitutional rule retroactive through its multiple holdings because it held in "Case one [Ivan v., 407 US at 205, 32 L.Ed. 2d at 661-62] that [the In re Winship] type of rule applies retroactively to cases on collateral review and [held] in Case Two [Booker] that [its] rule is of that particular type, then it necessarily follows that the [Booker] rule applies retroactively to cases on collateral review." Tyler v. Cain, 533 U.S. at 668-669, 150 L.Ed. 2d at 646 (O'CONNOR, concurring). But, cf In re Turner, 267 F3d 235 (rejecting same argument as to Apprendi but noting Apprendi would applied as substantive law on first habeas corpus motion.)

Fourth, Booker has arguably made its rules retroactive through its Guideline clarifying amendments. It is well established Guideline clarifying amendments are retroactive. See, e.g. United States v. Garcia - Cruz, 40 F3d 986, 990 (9th Cir 1994) ("under the law of our circuit, amendments to the Sentencing Guidelines which are 'clarifying' as opposed to 'substantive' may be given retroactive effect""; Callegos v. United States, 917 F. Supp. 125, (D.P.R. 1996); Jones v. United

6

States, 161 F3d 397 (6th Cir. 1998) (clarifying amendments to the sentencing guidelines apply retroactive when a prisoner filed a motion to vacate his sentence under 28 USC § 2255); see also, United States v. Stinson, 30 F.3d 121, 122 (11th Cir. 1994) (per curium) (collecting cases). Booker made no substantive changes to the guidelines. it merely interpreted them (BREYER, L., Slip Opinion, pg. 25) ("Our remedial interpretation of the Sentencing Act") advisory as "'Congress would have intended'" (id. pg. 2) had it known its mandatory provision violated the Sixth Amendment right to jury trial. See, also id., pg. 22. ("Hence we have examined that statute in depth to determine Congress' likely intent in light of today's holding") (emphasis original).

Booker's amendment accordingly merely clarified Congress' intent in light of its Sixth Amendment holding. Had Booker "superimpos[ed] its [Sixth Amendment] constitutional requirement announced [therein]" (id., pg 3) by "engraft[ing] the Court's Constitutional requirement onto the sentencing statutes. [it] would [have substantively] destroy[ed] the system []" (id., pg. 9). Such substantive change would have produced unintended identical punishment for different degrees of similar crimes (id.) and vice - versa (id., pg.10) thus destroying Congress' goal of sentence uniformity (id.). Because the Booker Sentencing Reform Act amendments did not change the Guidelines substantively but merely interpreted them as advisory instead of mandatory, such amendments is only a clarifying amendment necessarily retroactive.

Booker's additional amendment to the sentencing appellate process also changed nothing substantively. It only clarified the standard of review Congress would have preferred in light of its Sixth Amendment

7

holding. Retroactivity of such changes in the post conviction process is hardly a problem. See, e.g. Collins v. Youngblood, 497 U.S. 37, 111 L.Ed. 2d 30, 110 S.Ct. 2715, (1990) (STEVENS, J., concurring).

Fifth, by remedially severing and excising parts of the Federal Sentencing Act of 1984 akin to legislating (see, e.g. Freeborn v. Smith, 69 U.S. 160, 168, 17 L.Ed. 922, 175, 2 Wall 160 (1865)), the Supreme Court in Booker modified the Federal Sentencing Guidelines nunc pro tunc to their November 1, 1987 effective date:[1]

> we answer the question of remedy by finding the provision of the federal sentencing statute that makes the Guidelines mandatory, 18 USCA § 3553 (b)(1) (Supp. 2004), incomparatible with today's constitutional holding. We conclude that this provision must be severed and excised, as must one other statutory section, § 3742(e) (main ed. and Supp. 2004), which depends upon the Guidelines mandatory nature. So modified, the Federal Sentencing Act, see Sentencing Reform Act of 1984, as amended, 18 USC § 2551 et seq., 28 USC § 991 et seq., makes the Guidelines effectively advisory.

Booker, BREYER, J., Slip Opinion, Pg. 2.

Congress' power to make or amend remedial statutes retroactively absent Ex Post Facto problems is unquestionable. See, Freeborn v. Smith, 69 U.S. at 168, 17 L.Ed. at 923 ("We do not question the validity of retrospective statutes that are purely remedial"); see, also Frisbie v. Whitney, 76 U.S. 187, 19 L.Ed. 668, 9 Wall 187 (1869). Retroactivity thereby is simply a matter of intent. See, e.g. Rivers v. Roadway Express, 511 U.S. 298, 311, 128 L.ED. 2d 274, 278, 114 S.Ct. 1510 (1994) ("The question is whether Congress has manifested such an intent.") Because in Booker it is the Supreme Court which remedially modified the Sentencing Reform Act of 1984 as "'Congress would have intended'"

---

[1] Petitioner argue without conceding to that 98th Congress had enacted into positive law the Federal Sentencing Act but it was born out of a resolution in an Appropriation Bill.

8

(BREYER, J., Slip Opinion, pg. 25) had it known in 1984 its mandatory Sentencing Guidelines violated the Sixth Amendment (id., pg. 22) ("We have examined the statute in depth to determine Congress' likely intent in light of today's holding.") (emphasis original), Booker's indisputable intent to modify the Guidelines nunc pro tunc is dispositive.

Lastly, even if the Supreme Court did not assume Congress' role in modifying the Sentencing Reform Act, in construing and interpreting it as "'Congress would have intended'" (BREYER, J., Slip Opinion, pg. 25) had it known its mandatory Sentencing Guidelines violated the Sixth Amendment (id., pg. 22), the Supreme Court has necessarily made Booker retroactive.

Like Booker, the Supreme Court in Patterson v. McLean Credit Union, 491 U.S. 164, 105 L.Ed. 2d 132, 109 S.Ct. 2363 (1989) interpreted a 123 - year old statute differently than appellate courts had done since its enactment.

As to Patterson's retroactivity the court said:

> A judicial construction of a statute is an authoritative statement if what the statute meant before as well as after the decision of the case giving rise to that construction [.] Thus Patterson provides the authoritative interpretation of the phrase 'make and enforce contracts' in the Civil Rights Act of 1866 before the [Congressional] 1991 amendment [overruling Patterson] went into effect on November 21, 1991. [Patterson's] interpretation provides the base line for our constitution that the 1991 amendment would be 'retroactive' if applied to cases arising before that date.

Rivers v. Roadway Express, 511 US 293, 313, 128 L.Ed. 2d 274, 289.

Unlike Rivers which rejected retroactivity of the relevant Congressional Amendment because it was not so intended by Congress, the Supreme Court's judicial construction or interpretation of the Sentencing Reform Act of 1984 is inescapable because "the court has no authority to

9

depart from congressional command setting the [november 1, 1987] effective date of the [the] law [] it has enacted []" (Rivers, 511 US at 313, n 12, 128 L.Ed 2d 289, n 12).

Accordingly, in order of respective strength, the fifth, last, fourth, and first arguments each can stand on its own and jointly, the sixth arguments leave little room to deny Booker's retroactivity. Booker discusses all of the defense windfalls and complexities other Guidelines holdings would have had and concluded its Guideline amendments better express Congress' intent in light of its Sixth Amendment holding of the fundamental right an accused has under the United States Constitution. U.S. Const. Sixth Amendment.

**WHEREFORE**, premises considered, Petitioner asserts that based on the foregoing reasons, Petitioner has shown suffient evidence of "adjudicative fact" that if taken as true provides for the Granting of the relief though in this cause of action. It is so prayed.

Respectfully submitted this 8 day of April 2005 in Jesup, GA.

John A. Casillas
JOHN A. CASILLAS[DEBTOR]

/s/ John A. Casillas
John A. Casillas[LD NTC Pro-per]
Sui Juris - INSOLVENT
#06843-069   Unit B-2

## CERTIFICATE OF SERVICE AND FILING

      On April 8, 2005, I have served this motion, " ON PETITION FOR LEAVE TO FILE MOTION TO RECONSIDER JURISDICTIONAL ELEMENT FOR GRANTING THE RELIEF THOUGHT" through the United States Postal Office by depositing said documents in the inmate legal mail box, with First Class mail to:

CLERK'S OFFICE, FRANCES RIOS DE MORAN,
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO, RM. 150 FED.
BLDG., 150 AVE CARLOS CHARDON,
SAN JUAN, PUERTO RICO 00918-1767.


RESPONDENT(S), JOSE RUIZ SANTIAGO,
A,U,S,A., TORRE CHARDON SUITE 1201,
350 CARLOS CHARDON AVE., SAN JUAN,
PUERTO RICO 00919.


                                    Signed under penalty of perjury under 28 USC §1746 this 8 day of April 2005.

John A. Casillas
JOHN A. CASILLAS[DEBTOR]

/s/ John A. Casillas
John A. Casillas[LD NTC Pro-per]
Sui Juris - INSOLVENT
#06843-069 Unit B-2
Federal Satellite Low
2650 HWY 301 South
Jesup, GA 31599-5601